In the Matter of the Arbitration between FREDERICK A. BAKER et al., Trading under the Name of F. A. BAKER Co., Petitioners, and WHOLESALE & WAREHOUSE WORKERS UNION, LOCAL 65, C.I.O., Respondent.

Supreme Court, Special Term, New York County, December 22, 1948.

*Herman Goldman* for petitioners.

*Neuburger, Shapiro, Rabinowitz & Boudin* for respondent.

BOTEIN, J. This is a motion to stay arbitration pursuant to a notice of arbitration served by Wholesale & Warehouse Workers Union, Local 65, C.I.O. The notice seeks to arbitrate a dispute between the union and the movants concerning the failure and refusal of the latter to make certain contributions to the Local 65 insurance fund in accordance with article XI of an

agreement between the parties, executed August 22, 1947. This date was two months after the Labor Management Relations Act, 1947 (U. S. Code, tit. 29, § 141, *et seq.*), commonly known as the Taft-Hartley Act, became law. The basis of the application for a stay of the proposed arbitration is that the Taft-Hartley Act renders it unlawful for the movants to make the contributions required by article XI.

The answering affidavits show that the trust fund to which petitioners agreed to make contributions was established in August, 1945, and that its name was changed in October, 1946, to "Wholesale & Warehouse Workers Union, Local 65, Security Plan". The purposes of the fund comply with proviso (A) of paragraph (5) of subdivision (c) of section 302 of the statute (U. S. Code, tit. 29, § 186). Petitioners urge, however, that the fund does not comply with the restrictions imposed by proviso (B) of paragraph (5) of subdivision (c) of section 302, since the trust fund is not, as required by that subdivision, administered by a group representing the employees and a group representing the employer in equal number, and that therefore, "the contract between the parties fails to meet the requirement of a jointly managed trust in that only the union administers the program."

But "Compliance with the restrictions contained in subsection (c)(5)(B) upon contributions to trust funds, otherwise lawful, shall not be applicable to contributions to such trust funds established by collective agreement prior to January 1, 1946 " (§ 302, subd. [g]). The fact that the agreement obligating petitioners as one firm of employers to make contributions to the fund was not entered into until August 22, 1947, two months after the Taft-Hartley Act became law, is immaterial. The trust fund to which the contributions were to be made was one established prior to January 1, 1946, and by that time more than 107 employers were making payments into the fund. At the determinative date, January 1, 1946, the fund, although relatively small, was in fact operating.

Subdivision (g) of section 302, in exempting from the restrictive provisions of proviso (B) of paragraph (5) of subdivision (c) "contributions to such trust funds established by collective agreement prior to January 1, 1946," did not require that the trust fund, in order to be thus exempt, be established by collective agreement with *each employer* prior to January 1, 1946; only that the fund be one established prior to that date by any collective agreement. Such fund would remain exempt even as to new employees thereafter embraced within its operative pro-

visions. The word " established " clearly modifies the word " funds " which immediately precedes it. As pointed out in the well-reasoned opinion of the arbitrator in Association of Uptown Converters, Inc., against the respondent union (discussing the fund in issue herein and set forth in full in the answer papers) : " Section 302 (c)(5) distinguishes expressly between ' the employees of such employer ' and ' the employees of other employers making similar payments ', but no such express dichotomy is made in Section 302(g). And in Section 302 (c)(5)(B), express reference is made to ' a written agreement with the Employer '; the absence of similar language in Section 302(g) indicates an intent that the reference to collective agreement in that subsection be taken to apply to an agreement prior to January 1, 1946, with *any* employer rather than only with *this* employer."

The House bill as originally passed practically prohibited union-administered funds of any sort, while the Senate bill permitted such funds *whenever established,* provided that there was equal representation of employer and employees. Subdivision (g) of section 302 was first inserted into the statute in conference. Senator Taft made the following explanation of the new subdivision (g) of section 302 on its original submission to the Senate on June 5, 1947:

" Mr. President, I ask that there be printed in the Record at this point as a part of my remarks a summary in detail of the principal differences between the conference agreement and a bill which the Senate passed. \* \* \* Restrictions on payments to employee representatives: Employer contributions to union welfare funds were prohibited by the House bill. The Senate amendment restricting the operation and purposes of such funds was adopted by the conferees with some clarifying changes. A new provision has been added requiring that payments for the purpose of providing pensions or annuities must be paid into a separate trust set up for that exclusive purpose. *The provision making joint control of the trust has been made inapplicable to funds established prior to January 1, 1946,* and *contributions* to trust funds providing for pooled vacation benefits prior to January 1, 1947, are not prohibited." (Emphasis supplied. Cong. Record, pp. 6441, 6445.)

It is to be noted that Senator Taft, Chairman of the Senate Committee on Education and Labor, referred merely to " funds established prior to January 1, 1946 ", without even using the words " by collective agreement ". It is upon the presence of

this phrase in the statute that the movants predicate their argument that to be exempt a fund must have been established by collective agreement with *each employer*. It appears, however, to have been the Congressional intent to make establishment of the fund prior to January 1, 1946, the sole basis for exemption, regardless of the date any one or more additional employers might contract to make contributions to such fund.

Bearing in mind that the Taft-Hartley Act is a penal statute, and that it does not clearly appear that Congress intended to exempt only contributions to trust funds established by collective agreement with the particular employer prior to January 1, 1946, the court holds that the contributions agreed to be made by the movants to a trust fund established by respondent union are within the exemption created by subdivision (g) of section 302 of the statute and may be made without subjecting the movants to a criminal prosecution or any claim of illegality.

The motion to stay arbitration is accordingly denied.