**FUR DRESSERS UNION, LOCAL NO. 2, C. I. O. et al. v. FUR DRESSERS GUILD, Inc.**

Civ. 52–384.

United States District Court
S. D. New York.

Dec. 8, 1949.

Markewich, Rosenhaus & Markewich, New York City, for plaintiffs.

Max Zucker, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

The plaintiffs have moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., in an action for a declaratory judgment pursuant to Title 28 U.S.C.A. § 2201. The jurisdiction of the Court over the cause of action is founded on Section 301 of the Labor Management Relations Act of 1947, 61 Stat. 136, 156, 29 U.S.C.A. §§ 141 et seq., 185.

There are no questions of fact in dispute, and the issue in controversy, as agreed upon by both parties, is this: Are the plaintiffs, as well as the defendant, exempted from compliance with Section 302(c) (5) (B) of the Labor Management Relations Act of 1947 by reason of Section 302(g)?

Section 302 became effective as of July 1, 1948, and on and after said date it became unlawful for any employer to pay or deliver, or agree to pay or deliver, any money or thing of value to any employee representative, except such payments as are exempted by subdivision (c) of said Section. Among other things, subdivision (c) (5) exempts such payments as are held in trust for the purpose of paying sick benefits, hospitalization, medical expenses or death benefits to employees, their families and dependents. But by the provisions of a further subdivision (c) (5) (B), those sick and death benefit funds exempted by subdivision (c) (5) are required, among other things, to be administered by an equal number of employee representatives and an equal number of employer representatives.

However, Section 302(g) of said Act provides, in its relevant portion, as follows: "Compliance with the restrictions contained in subsection (c) (5) (B) of this section upon contributions to trust funds, otherwise lawful, shall not be applicable to contributions to such trust funds established by collective agreement prior to January 1, 1946 * * *."

The sole question in this case is whether Section 302(g) exempts plaintiffs' trust funds from the requirement of joint administration.

The undisputed facts in the case are as follows:

Plaintiff Fur Dressers Union, Local No. 2, C.I.O., is a labor union with a membership of approximately 600 fur dressers and plaintiff Fur Floor Workers Union, Local No. 3, C.I.O., is a labor union with a membership of approximately 800 fur floor workers. These fur dressers and floor workers are employed by twenty fur dressing and dyeing establishments located in New York City and in New Jersey. Out of the twenty fur dressing and dyeing establishments, thirteen are members of the de-

fendant Fur Dressers Guild, Inc., a membership corporation comprised of employer firms. The member firms of the defendant employ approximately 300 members of Local 2 and approximately 550 members of Local 3.

On July 15, 1946, Locals 2 and 3 and the defendant, acting for and on behalf of its member firms, entered into separate collective bargaining agreements which provided, among other things, that retroactive to the first payroll week of January, 1946, each employer member pay weekly thereafter directly to the Locals a sum of money equal to 1% of the total wages to be paid to the employees entitled to the benefits of said agreements, said funds to be used by Locals 2 and 3 to pay sick and death benefits to those employees. In accordance with these agreements, each employer member of the defendant paid the stated sum weekly directly to the Locals until the 15th day of December, 1948.

Because of the provisions of the Labor Management Relations Act of 1947, the parties entered into agreements on December 15, 1948, retroactive to July 1, 1948, the effective date of the pertinent provisions of the Labor Act, and those agreements provided for joint administration of the contributions to the sick and death benefit funds made by the members of defendant to the plaintiffs, these contributions having been previously administered solely by the Locals. The contributions have been administered jointly since that time. However, in the agreements it was stipulated that the agreements should terminate and the contributions once again be administered solely by the Locals should a court having jurisdiction in the matter decide that the contributions made by members of defendant are exempted from subdivision (c) (5) (B) of Section 302 by reason of falling within subdivision (g) of that Section.

Local 2 entered into collective bargaining agreements covering approximately 250 members of the Local, with two fur dressing and dyeing establishments, not members of defendant, in February 1945, whereby those firms agreed to make sick and death benefit contributions to Local 2, these contributions to constitute a fund for those workers covered by the agreements.

Local 3 entered into a collective bargaining agreement covering approximately 200 members of the Local, with one fur dressing and dyeing establishment, not a member of defendant, on April 19, 1945, whereby it agreed to make contributions to a sick and death benefit fund to cover its employees who were members of Local 3.

Payments of contributions to both plaintiffs started on August 13, 1945, retroactive to July 1, 1945, and have continued since that time. These trust funds are admittedly bona fide sick and death benefit funds within the meaning of Section 302 of the Labor Act, and have been administered solely by the plaintiffs.

The contributions made by defendant's members to the Locals between July 15, 1946 and July 1, 1948 were made to these specific trust funds which were set up prior to January 1, 1946. Effective July 1, 1948, the contributions have been kept apart from these trust funds and jointly administered.

Plaintiffs contend that Section 302(g) of the Act applies to "funds" established before January 1, 1946, and that since they had sick and death benefit funds established prior to that date, the contributions by members of defendant to the fund come within the exemption of Section 302(g), so that the contributions need not be jointly administered. On the other hand, defendant contends that Section 302(g) refers to contributions to trust funds made prior to January 1, 1946, and that since both the collective bargaining agreements entered into by defendant's members, and the contributions pursuant thereto, were made after the effective date of Section 302(g), the contributions made by members of defendant must be jointly administered.

The sole question presented to the Court is whether the plaintiffs' or the defendant's interpretation of Section 302(g) of the Labor Management Relations Act of 1947 is the correct one; or, stated differently, whether the phrase "established by col-

lective agreement prior to January 1, 1946" in Section 302(g) refers to "trust funds" or to the "contributions to such trust funds".

Section 302(g) has been construed in two cases; Upholsterers' International Union of North America v. Leathercraft Furniture Co., D.C.E.D.Pa. 1949, 82 F.Supp. 570 and Application of Baker, Sup. 1948, 194 Misc. 51, 85 N.Y.S.2d 193. Both of these cases involved situations substantially similar to that presented in the instant case, and in both cases it was held that only the trust fund need be established prior to January 1, 1946, as contended by plaintiffs in this action. This Court is in full agreement with the opinions in those cases.

An examination of the legislative history of the Labor Act indicates that it was the Congressional intention to exempt from restrictions union-administered trust funds which were already in existence prior to January 1, 1946. See, e.g., 2 Legislative History of the Labor Management Relations Act of 1947 at p. 1544 (Senator Taft) and at p. 1600 (Senator Pepper); see also Application of Baker, 194 Misc. 51, 85 N.Y. S.2d at page 195. Such funds would remain exempt even as to contributions made by employers under new collective bargaining agreements signed after that date, even though the employer may not have previously contributed to the fund.

Furthermore, the word "established", as used in Section 302(g), must, according to proper usage, be held to modify the word "funds" which immediately precedes it. As the court said in the Upholsterers' International Union v. Leathercraft Furniture Co. case, supra, 82 F.Supp. at page 574: "Grammar, the customary usage of words, common sense and the legislative history of the Act all require the interpretation that it is the trust fund to which contributions are made, not the making of contributions thereto, which must be established prior to the critical date. So long as the trust fund existed, as here, prior to January 1, 1946, contributing to that fund pursuant to an agreement made subsequent to that date will not, on that account, constitute a violation of the Act. In the Application of Baker, Sup. 1948, 194 Misc. 51, 85 N.Y.S. 2d 193."

It is apparent that not only were the respective sick and death benefit funds of each of the plaintiffs established by collective bargaining agreements prior to January 1, 1946, but that a significant number of members of the plaintiff Unions were covered by the funds prior to that date. Therefore, under the provisions of Section 302(g) of the Labor Management Relations Act of 1947, the sick and death benefit contributions required to be made to the funds by the employer members of defendant pursuant to collective bargaining agreements signed with the plaintiffs, are exempted from the provisions of Section 302(c) (5) (B) of the said Act.

Motion for summary judgment in favor of the plaintiffs granted.